| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 14-08959 SJO (MANx)      **DATE:** January 21, 2015

**TITLE:** Barbara Bailey, et al. v. Redfin Corp.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                              Not Present
Courtroom Clerk                                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** [Docket No. 15]

This matter is before the Court on a Motion to Remand and for Award of Attorneys' Fees and Costs ("Motion") brought by Plaintiffs Barbara Bailey ("Bailey") and Evangelyn Lin ("Lin") (collectively "Plaintiffs"), filed December 18, 2014. Defendant Redfin Corporation ("Defendant") filed an opposition to the Motion ("Opposition") on December 30, 2014. On January 6, 2015, Plaintiffs filed a reply supporting the Motion ("Reply"). The Court found the matter suitable for disposition without oral argument and vacated the hearing set for January 20, 2015. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS IN PART** the instant Motion.

I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The First Amended Complaint ("FAC") alleges the following. Defendant, a Delaware corporation, operates an online real estate brokerage and conducts business in California. (Arena Decl. Ex. A ("FAC") ¶ 4.) Plaintiffs were employed by Defendant in Los Angeles, California as field agents, conducting home showings, home inspections and open houses of Defendant. (FAC ¶¶ 1, 14.) Defendant employed Bailey as a field agent from December 2009 until summer of 2012 and Lin as a field agent from July of 2010 until February of 2013. (FAC ¶ 17-18.)

On June 14, 2013, Plaintiffs filed suit against Defendant in the Superior Court of California for Los Angeles County. On July 17, 2013, Plaintiffs filed a FAC on behalf of themselves and on behalf of all other aggrieved employees under the California Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698. (*See generally* FAC.) In the FAC, Plaintiffs alleged that Defendant violated California law by willfully misclassifying field agents as independent contractors when they are, in fact, employees. (FAC ¶ 9.) Due to this misclassification of field agents, Plaintiffs asserted that Defendant violated the following provisions of the California Labor Code: (1) failure to pay minimum wages, (2) failure to pay overtime, (3) failure to provide uninterrupted 30 minute meal breaks, (4) failure to provide uninterrupted 10 minute rest breaks, (5) failure to pay all wages due upon termination, (6) failure to reimburse for expenses incurred in the discharge of duties, and

**CASE NO.:** CV 14-08959 SJO (MANx)        **DATE:** January 21, 2015

(7) failure to provide accurate wage statements. (FAC ¶ 9.) Plaintiffs seek unpaid overtime compensation, wages for missed meal and rest periods, restitution, attorneys' fees and costs, prejudgment interest, and other relief (FAC 20-23.)

Defendant filed its answer on August 19, 2013. (Notice of Removal Ex. D.) On November 19, 2014, Defendant removed the action to this Court. (*See generally* Notice of Removal.) In its Notice of Removal, Defendant alleged that diversity jurisdiction existed under the Class Action Fairness Act ("CAFA"). (Notice of Removal 4.) In this present Motion, Plaintiffs seek remand to state court, arguing that no class claims are asserted in the Complaint or FAC and CAFA jurisdiction does not apply. (*See generally* Mot.)

II.     DISCUSSION

        A.      Legal Standard for Remand

A defendant "desiring to remove any civil action from a state court shall file in the district court of the United States a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" served upon such defendant in such action. 28 U.S.C. § 1446(a). "The notice of removal shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(2)(B). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable." 28 U.S.C. § 1446(c).

"Failure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir. 1995) (citations omitted). "Pursuant to 28 U.S.C. § 1447(c), a district court may remand an action . . . where there are procedural defects in removal." *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP, 2009 WL 1519894, at *1 (C.D. Cal. June 1, 2009).

        B.      Defendant's Basis for Removal

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and thus "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 (9th Cir. 1990).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 14-08959 SJO (MANx)      **DATE:** January 21, 2015

Defendant removed the action on grounds that the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. CAFA amended section 1332 to add subsection (d). Under CAFA, the Court may exercise jurisdiction if any member of a class of plaintiffs is diverse from any defendant, and the aggregated claims of all class members in a class action create an amount in controversy in excess of $5,000,000.[1] 28 U.S.C. § 1332(d)(2). The Ninth Circuit held that under CAFA "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego, et al. v. Dow Chem. Co.*, 443 F.3d 676, 687 (9th Cir. 2006). Under section 1441, a civil action brought in state court of which the district courts have original jurisdiction may be removed to the district court for the district where such action is pending. 28 U.S.C. § 1441.

Defendant argued that this case may be removed to this Court because there is a diversity of citizenship among the parties and Plaintiffs provided a written damages calculation establishing that the amount in controversy exceeds $5,000,000. (*See generally* Notice of Removal.) Defendant argued that diversity of citizenship exists between the parties because Plaintiffs are residents and citizens of California while Defendant is a Delaware Corporation with its principal place of business and corporate headquarters in Seattle, Washington. (Notice of Removal ¶ 12.) Furthermore, Defendant asserted that this case was properly removed within 30 days after receipt of the first document establishing a basis for jurisdiction under CAFA. Defendant alleged that the first document it received establishing a basis for jurisdiction under CAFA was a damages calculation sent to Defendant on October 29, 2014, which purportedly showed the amount of controversy was in excess of $25,000,000. (Notice of Removal ¶ 15.) Defendant asserted that the case was not removed within 30 days after receipt of the FAC because Defendant could not tell from the FAC whether the jurisdictional amount of $5,000,000 was met. (Notice of Removal ¶ 14.)

  C. <u>Plaintiffs' Basis for Remand</u>

    1. <u>PAGA Claims Are Not Subject to Removal Under CAFA</u>

Plaintiffs argue that this case should be remanded to state court because their claims do not trigger CAFA jurisdiction. (Mot.1.) In this case, Plaintiffs allege numerous claims pursuant to the Labor Code and Business and Professional Code and a single PAGA claim. Plaintiffs' FAC contains no class allegations, nor does it assert any claims on behalf of a class. (Mem. P. & A. 3.) Instead, Plaintiffs seek civil penalties on behalf of themselves and other aggrieved employees in their alleged PAGA claims. (Mem. P. & A. 4.)

---

[1] Under 28 U.S.C. Section 1332(d), the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 14-08959 SJO (MANx)</u>     DATE: <u>January 21, 2015</u>

In *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014), the Ninth Circuit held that "PAGA actions are not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." "Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action." *Id*. In a PAGA action, the court does not inquire into the named plaintiffs and plaintiffs' counsel's ability to fairly and adequately represent unnamed employees – critical requirements in federal class actions under Rule 23(a)(4) and (g). *Id*. PAGA also contains no requirements of "numerosity, commonality, or typicality." *Id*. Furthermore, the finality of PAGA judgments distinctly differs from that of class action judgments. *Id*. The Federal Rules of Civil Procedure ensure that members of the class who receive notice and decline to opt out are bound by a judgment. Fed. Rule Civ. Proc. 23(c)(3). In contrast, PAGA expressly provides that employees retain all rights "to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." Cal. Lab. Code § 2699(g)(1). The nature of PAGA penalties is also distinct from damages sought in Rule 23 class actions. *Baumann*, 747 F.3d 1117 at 1123. "In class actions, damages are typically restitution for wrongs done to class members." *Id*. On the other hand, PAGA actions primarily seek to "vindicate the public interest in enforcement of California's labor law." *Id*. "A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief." *Id*. at 1124. Therefore, Rule 23 and PAGA are more dissimilar than alike, and Plaintiffs' PAGA claims are not subject to removal under CAFA.

2.  <u>No Basis to Claim Removal Under Non-CAFA Diversity Jurisdiction</u>

Plaintiffs also allege that if Defendant argues that this case is removable under the non-CAFA diversity provisions of 28 U.S.C. § 1332, such removal is improper because it is untimely and Defendant cannot establish that the amount of controversy is met. (Mem. P. & A. 4.)

First, Plaintiffs argue that Defendant's removal of this case was untimely because it exceeded the one-year limit on removal from the time the action is commenced in diversity cases pursuant to 28 U.S.C. § 1446(c)(1). (Mem. P. & A. 5.) This case was filed in June 2013 and Defendant filed its Notice of Removal in November 2014. (Mem. P. & A. 5.) Therefore, Defendant's removal was well beyond the one-year limit under section 1446. (Mem. P. & A. 5.) Furthermore, Plaintiffs argue that Defendant's argument in its Notice of Removal, that it could not have known that the potential value of Plaintiff's PAGA claims exceeded $5,000,000 until it received potential damage calculations in October 2014, was not credible. (Mem. P. & A. 5.) Both Plaintiffs' counsel and Defendant's counsel regularly handle issues involving California employment law and the Labor Code, including PAGA, and as such the parties and their attorneys are well aware of the potential value of PAGA penalties. (Mem. P. & A. 5.) Therefore, Defendant was on notice of the potential value of those claims as of July 2013, when the FAC was filed. *See Nunez v. Ricoh Am. Corp.*, No. 11-1177, 2011 U.S. Dist. LEXIS 133677, at *7 (C.D. Cal. Nov. 16, 2011) ("On January 4, 2011, Plaintiffs properly added their PAGA claim and thus, if this claim is indeed a basis for removal, Defendant could have ascertained that the amount in controversy was satisfied on January 4, 2011."). In addition, Defendant should have been aware of the potential value of

JS-6

Case 2:14-cv-08959-SJO-MAN Document 22 Filed 01/21/15 Page 5 of 5 Page ID #:546

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 14-08959 SJO (MANx)         DATE: January 21, 2015

Plaintiffs' claims because Defendant set job duties for Plaintiffs and the aggrieved employees, assigned work to them, and established a compensation scheme for them.  (Mem. Pts. Auth. 5.)

Second, Plaintiffs allege that Defendant cannot aggregate PAGA claims for purposes of establishing diversity jurisdiction.  (Mem. P. & A. 6.)  Plaintiffs argue that Defendant misrepresented that the amount in controversy in this case exceeded $25,000,000. (Mem. P. & A. 6.)  This case was mediated jointly with Galen v. Redfin Corp., Case No. RG 13-663672 (Alameda County Superior Court), in an attempt to achieve a resolution of the claims in both cases. (Mem. P. & A. 6.)  Thus, Plaintiffs assert that the damages analysis Defendant provided in its Notice of Removal reflects the figures of joint damages for two separate cases, pending in two different courts, and alleging distinct claims. (Mem. P. & A. 6.)  The damages analysis includes potential class damages of $14,267,671.41 in the *Galen* matter and separately includes potential PAGA penalties of $11,483,265.50, which are the potential penalties at issue in this case.  (Arena Decl. Ex. B.)  Therefore, Defendant misrepresented the amount in controversy in its Notice of Removal. In addition, the Ninth Circuit held that PAGA penalties cannot be aggregated for purposes of establishing diversity jurisdiction. *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1120-22 (9th Cir. 2013).  Based on the information above, Defendant's removal of this case was improper, and the Court remands this case to the Superior Court of California, County of Los Angeles.

        D.      Award of Attorneys' Fees and Costs

In their Motion to Remand, Plaintiffs request an award of attorneys' fees and costs.  Pursuant to 28 U.S.C. Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorneys' fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the Court finds that Defendant had an objectively reasonable basis for seeking removal.  Therefore, Plaintiffs' Motion is denied with respect to Plaintiff's request for attorneys' fees and costs.

III.     RULING

For the foregoing reasons, the Court **GRANTS IN PART** the Motion to Remand and **REMANDS** this case to the Superior Court of California, County of Los Angeles. Plaintiffs' request for award of attorneys' fees and costs is **DENIED**.  This matter shall close.

IT IS SO ORDERED.